Edna M. Reinhardt v. Commissioner.
Reinhardt v. Commissioner
Docket No. 26222.
United States Tax Court
1953 Tax Ct. Memo LEXIS 257; 12 T.C.M. (CCH) 510; T.C.M. (RIA) 53164; May 11, 1953
Brooks Fullerton, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income taxes and penalties determined against the estate of Harry F. Reinhardt, deceased, as follows: Year
Deficiency
Penalty
1942
$11,953.21
$ 5,976.61
1943
47,058.22
23,698.61
1944
31,308.16
15,654.08
The sole issue is whether the petitioner is liable as transferee for unpaid deficiencies in income taxes and penalties due from the estate of Harry F. Reinhardt, deceased, for the taxable years 1942, 1943 and 1944, to the extent of assets transferred to her. At the hearing of this proceeding the petitioner did not appear either personally or by counsel. From the pleadings and the evidence we make the following Findings of Fact
*258 The petitioner's husband, Harry F. Reinhardt, died testate on March 12, 1947. The duly qualified executors of the decedent's estate were the petitioner, Webster Yocum and Daniel W. Kearney. [1]
On June 8, 1949, the respondent sent by registered mail a notice of deficiency to the estate of Harry F. Reinhardt, deceased, Webster Yocum, executor, and Edna M. Reinhardt, executrix, wherein he determined there was due from said fiduciaries the abovementioned deficiencies in income taxes and penalties. Such notice of deficiency advised the said fiduciaries of their right to file a petition with this Court. The said fiduciaries failed to appeal from said notice of deficiency, and the 90-day period within which said fiduciaries could file a petition expired without the filing of any petition. The aforesaid deficiencies in taxes and penalties so determined, plus statutory interest, are due from said fiduciaries and are unpaid. On September 27, 1947, the respondent sent by registered mail a notice to Edna M. Reinhardt, transferee, asserting transferee liability for deficiencies in income tax and penalties asserted against the estate of Harry *259 F. Reinhardt, deceased, for the years and in the amounts above set forth. The final account filed by the executors of the estate of Harry F. Reinhardt, deceased, reported the sum of $1,832.70 available for distribution. The report of the auditor, appointed by the Orphans' Court to pass upon the claims against the estate, shows that since the final account of the executors was filed an additional amount of $3,653.48 had been received, making a fund for distribution in the amount of $5,486.18. Additional disbursements were made, leaving the sum of $4,953.60 available for distribution to creditors. The report set forth that among various claims filed by creditors a claim was filed by the petitioner in the form of a judgment against the decedent, Harry F. Reinhardt, listed in the office of the Prothonotary of Northumberland County, Pennsylvania, May Term, 1944, in the amount of $22,244.47. As the petitioner was the only preferred creditor, the balance of $4,953.60 for distribution was directed to be paid to her on account of the aforesaid judgment. The auditor's report was confirmed by the Probate Judge on September 7, 1948. The deficiencies in income taxes and penalties had not then *260 been determined against the decedent's estate. On December 31, 1944, Harry F. Reinhardt's net worth, exclusive of his liability for deficiencies in federal income taxes and penalties in the amount of $135,648.89, was $79,598.86. Included in the assets listed in the computation of his net worth were three parcels of real estate designated and valued as follows: Worth Building
$44,000
Rorheimer Apartments
4,000
Rorheimer Office Building
6,200
Included in the liabilities was a loan due Edna M. Reinhardt stated as $26,244.17. On September 21, 1945, Harry F. Reinhardt transferred to petitioner the Worth Building, the Rorheimer Apartments, and the Rorheimer Office Building. On March 11, 1946, Harry F. Reinhardt filed an individual federal income tax return, reporting a net income for the year 1945 of $3,512.55, but did not report any sale of the Worth property nor of the two Rorheimer properties. On September 21, 1945, when the petitioner received the three parcels of real property from Harry F. Reinhardt, the fair market value of such properties was $62,450, allocated as follows: Worth Building
$47,500
Rorheimer Office Building
9,250
Rorheimer Apartments
5,700
*261 Opinion LEMIRE, Judge: The respondent has determined, pursuant to the provisions of section 311 of the Internal Revenue Code, that the petitioner is liable as transferee for deficiencies in income taxes and penalties determined against the estate of Harry F. Reinhardt, deceased, for the taxable years 1942, 1943 and 1944, together with interest. Under section 1119 (a), the burden rests upon the respondent to show that petitioner is liable as transferee. The record establishes that the estate of Harry F. Reinhardt, deceased, was insolvent. The insolvency of the decedent, transferor both prior and subsequent to the transfer of certain assets to the petitioner, is established by a comparison of his assets and his liabilities, including the liabilities for deficiencies in unpaid taxes which, although later determined, must be included in a determination of solvency for transferee purposes. Scott v. Commissioner, 117 Fed. (2d) 36. The respondent has established by a competent and well-qualified real estate appraiser that the fair market value of the real property transferred by Harry F. Reinhardt to petitioner at the time of the transfer was in *262 the total amount of $62,450, and we have so found. The petitioner defaulted in appearance at the trial. In her petition and her reply to the respondent's answer, she admits that on September 21, 1945, Harry F. Reinhardt transferred to her three parcels of real estate designated as the Worth Building, the Rorheimer Office Building, and the Rorheimer Apartments, but denies that such transfers were without consideration. In her reply she alleges that at the time of the transfer Harry F. Reinhardt was indebted to her for loans on which a judgment was entered on March 24, 1944. The record establishes that the transfer of the real estate in question was not in discharge of such indebtedness, since petitioner filed a claim as a preferred creditor against the estate of Harry F. Reinhardt, deceased, and such claim was allowed and paid to the extent of the sum of $4,953.60, being the amount remaining in the transferor's estate for distribution. Such facts proved by the respondent established a prima facie case that the transfers in question were without consideration, shifting the burden to the petitioner to show the amount of consideration, if any, paid for such transfers. Petitioner has *263 not met such burden. Cf. Fada Gobins, 18 T.C. 1159, 1169. On this record, the respondent has established all the essential requirements to indicate the liability of the petitioner as transferee. We hold that the petitioner is liable as transferee of Harry F. Reinhardt to the extent of the fair market value of the assets received, which has been found to be the amount of $62,450, together with interest thereon as provided by law. Decision will be entered for the respondent. Footnotes
1. Daniel W. Kearney resigned Aug. 11, 1947.↩